UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JUSTIN J. EDMISTEN,<br><br>　　　　　　　Plaintiff,<br>　v.<br>JESSICA PERLICK, et al.,<br><br>　　　　　　　Defendants. | Case No. 3:22-cv-00441-ART-CLB<br><br>ORDER |

*Pro se* Plaintiff Justin Edmisten ("Edmisten") brings this action under 42 U.S.C. § 1983 suing multiple defendants including Attorney General Jessica Perlick ("Perlick"), Federal District Court Judge Richard Boulware ("Boulware"), Deputy District Attorney Sharron Clowners ("Clowners"), and Federal Public Defender Martin Narrvillo ("Narrvillo"). (See ECF No. 1-1.) Edmisten's complaint asserts claims which seem to relate to his underlying criminal case and conviction. (*Id.* at 2-6.) Edmisten requests unspecified declaratory judgment. (*Id.* at 7.). Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla Baldwin (ECF No. 3), recommending that this action be dismissed and Plaintiff's application to proceed *in forma pauperis* ("IFP") (ECF No. 1) be denied as moot. For the reasons explained below the Court adopts the R&R.

42 U.S.C. § 1983 aims "to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006) (quoting *McDade v. West*, 223 F.3d 1135, 1139 (9th Cir. 2000)). The statute "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights[,]" *Conn v. Gabbert,* 526 U.S. 286, 290 (1999), and is "merely . . .

the procedural device for enforcing substantive provisions of the Constitution and federal statutes." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). Claims under § 1983 require the plaintiff to allege (1) the violation of a federally protected right by (2) a person or official who acts under the color of state law. *Anderson*, 451 F.3d at 1067.

However, § 1983 is not a backdoor through which a federal court may overturn a state court conviction or award relief related to the fact or duration of a sentence. Section 1983 and "the federal habeas corpus statute . . . both provide access to the federal courts 'for claims of unconstitutional treatment at the hands of state officials, . . . [but] they different in their scope and operation.'" *Ramirez v. Galaza*, 334 F.3d 850, 854 (9th Cir. 2003) (quoting *Heck v. Humphrey*, 512 U.S. 477, 48 (1994)). Federal courts must take care to prevent prisoners from relying on § 1983 to subvert the differing procedural requirements of habeas corpus proceedings under 28 U.S.C. § 2254. *Heck*, 512 U.S. at 486-87; *Simpson v. Thomas*, 528 F.3d 685, 695 (9th Cir. 2008). When a prisoner challenges the legality or duration of his custody, raises a constitutional challenge which could entitle him to an earlier release, or seeks damages for purported deficiencies in his state court criminal case, which effected a conviction or lengthier sentence, his sole federal remedy is a writ of habeas corpus. *Edwards v. Balisok*, 520 U.S. 641, 648 (1997); *Heck*, 512 U.S. at 481; *Wolf v. McDonnell*, 418 U.S. 539, 554 (1974); *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Simpson*, 528 F.3d at 692-93. Stated differently, where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then "the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." *Heck*, 512 U.S. at 487.

Judge Baldwin recommended dismissal because it appears that Edmisten is challenging the constitutionality of his state court criminal conviction. Consequently, he must demonstrate that his conviction has been overturned to

2

proceed in an action under § 1983. As he has not done so, his sole relief is a habeas corpus action. The Court, therefore, recommends that the complaint be dismissed without prejudice and without leave to amend.

Additionally, Judge Baldwin notes that Defendants Attorney General Perlick, Judge Boulware, and Deputy District Attorney Clowners are likely absolutely immune from suit under § 1983. *See Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) ("Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts . . . . A judge loses absolute immunity only when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature."); *See Imbler v. Pachtman*, 424 U.S. 409, 427, 430 (1976) (state prosecutors are absolutely immune from § 1983 actions when performing functions "intimately associated with the judicial phase of the criminal process."). Based on the aforementioned reasons, Judge Baldwin recommended dismissal of the case and denial of the IFP application.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.")(emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Edmisten filed an objection (ECF No. 4) arguing that his habeas case has been ongoing for almost ten years and the delay is an abuse of the court process.

(*Id.*) While the Court sympathizes with Edmisten, he cannot expedite his habeas case through a separate Section 1983 case. His objections confirm that the R&R is correct. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

IT IS THEREFORE ORDERED that Judge Baldwin's Report and Recommendation (ECF No. 3) is ACCEPTED AND ADOPTED IN FULL;

IT IS FURTHER ORDERED that the Clerk shall Plaintiff's Complaint (ECF No. 1-1);

IT IS FURTHER ORDERED that Plaintiff's Complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE and WITHOUT LEAVE TO AMEND;

IT IS FURTHER ORDERED that Plaintiff's motion to proceed *in forma pauperis* (ECF No. 1) is DENIED AS MOOT;

IT IS FURTHER ORDERED that the Clerk of Court ENTER JUDGMENT accordingly and CLOSE this case.

DATED THIS 3rd Day of March 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE